Filed 6/16/14  Calderon v. Orange Co. Housing Authority CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LISA CALDERON, | |
| Plaintiff and Appellant, | G048374 |
| v. | (Super. Ct. No. 30-2012-00554514) |
| ORANGE COUNTY HOUSING AUTHORITY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Judgment affirmed.  Request for Judicial Notice.  Request granted.

Lisa Calderon, in pro. per., for Plaintiff and Appellant.

Nicholas S. Chrisos, County Counsel, and Elizabeth A. Pejeau, Deputy County Counsel, for Defendant and Respondent.

\*          \*          \*

Plaintiff Lisa Calderon appeals from the denial of her petition for a writ of mandate, wherein she sought to have the court set aside a decision of the Orange County Housing Authority (OCHA) to terminate her housing assistance. The trial court reviewed the proceedings conducted during a hearing before a hearing officer for the United States Department of Housing and Urban Development which affirmed the decision to terminate her assistance because she had failed to properly report income.

Plaintiff contends her evidence should have been accepted, rather than the evidence presented by the OCHA. Because we review the decision on the basis of the substantial evidence rule and are not permitted to reweigh the credibility of the witnesses, we affirm the denial of the petition.

Plaintiff filed a request for judicial notice forwarding certain pages from the record supplied by respondent. She indicates that this presentation will clarify the record supplied by respondent. We agree that respondent's filing a record of almost 500 pages, without any index or table of contents, and without any apparent chronological order, made the review of that record extremely burdensome. We therefore grant plaintiff's request we take judicial notice of certain documents from that record submitted by her.

FACTS

Plaintiff has been enrolled in the Housing Choice Voucher Program administered by the OCHA for over a decade. Although administered by the OCHA, the program uses federal funds and is subject to federal regulation. In accordance with the program requirements, plaintiff filed periodic reports describing her financial condition. The reports filed by plaintiff, including one filed December, 2010, stated she had no income. Because of the discovery plaintiff was making bank deposits from her home, the OCHA submitted a "Suspected Fraud Referral Report" to the Orange County District Attorney.

2

Following an investigation by district attorney investigators Roger Belville and Nannette Espinosa, including an inspection of plaintiff's home, Belville rendered a report. The report noted plaintiff told Belville she had been living on her savings. When confronted with evidence plaintiff made ATM cash deposits and had activity on "'PayPal,'" indicating an EBay account, plaintiff responded she transfers money from her bank account into her "'PayPal'" account. Belville also confronted plaintiff with "multiple purchase/return activities at 'Nordstrom' stores" throughout Southern California. She claimed her friends had given her items from that chain store which she returned for cash.

During his inspection of plaintiff's apartment, Belville discovered a Nordstrom garment bag containing several "designer type dresses" and "Nordstrom shopping bags [containing] 'new' designer type clothing." Espinosa also found "numerous 'Nordstrom' sale receipts, totaling hundreds of dollars." The investigators found five Big Bear Mountain resort gift certificates; plaintiff stated she was unsure how she had obtained them. When Belville interviewed plaintiff, she disclosed she purchased Nordstrom merchandise from EBay, using PayPal, and then returned these items to various Norstrom stores for cash refunds. She explained Nordstrom's refund policy and that merchandise she purchased on EBay was "far less expensive than the store prices."

Belville concluded the investigation disclosed unreported income. He reasoned plaintiff "is operating a 'Home Base' business, purchasing 'Nordstrom' merchandise on EBay, via 'PayPal' for a reduced price, returning these items to 'Nordstrom' for a cash refund[ and] making a profit." The OCHA gave plaintiff notice of her termination from the housing voucher program. As provided in the rules, plaintiff requested an "informal hearing."

A hearing was conducted before Hearing Officer Gary Kusunoki. The hearing was attended by Eligio Garcia and Anne Nghiem, representing the OCHA, district attorney investigators Belville and Espinosa, and Danielle Castro, Nordstrom

investigator, as well as plaintiff. Garcia identified various documents, including financial reports submitted by plaintiff. Belville testified to the facts discovered during the inspection of plaintiff's house, including various names used by plaintiff in her transactions with Nordstrom. Castro testified to Nordstrom's return policy and stated that plaintiff had been asked numerous times to cease returning merchandise because of excessive returns under the name Lisa Calderon. She also used the name Mercedes Lopez, under whose name records indicated over $5,000 had been debited. Most of the returned merchandise did not have proof of purchase. At one time, plaintiff also identified herself as Brandy Lopez. A video review identified her as Lopez. Belville interjected that a total of unreported income from the Nordstrom transactions amounted to $8,679. He testified to bank deposits made by plaintiff and merchandise returns made to Nordstrom in Los Angeles, Mission Viejo, Costa Mesa, and Los Cerritos; all during a 180 day period when she engaged in 37 separate transactions under the name of Lopez. In plaintiff's bedroom, she had tacked up the location of every Nordstrom store. Espinoza also testified to materials discovered during the inspection of plaintiff's house.

Plaintiff testified that everything she returned to Nordstrom was purchased there. At times she would find an item on EBay that she had already purchased at Nordstrom; the EBay item would be less, so she would buy it and return the first bought item to Nordstrom. She stated the information in Belville's report was false. Some of the Nordstrom clothes had been given to her by a friend who has since moved to Wyoming. These were worth about $4,000. She stated all the various names she used were her true names. Brandy is her nickname and Mercedes is her middle name. She was living on money she saved from her unemployment check and existing savings. Her savings were not in a bank account; she kept them in a jar. She had reported everything to the OCHA.

The hearing officer rendered a nine page report. In it, he affirmed the decision of the OCHA to terminate plaintiff's rental assistance and made findings to the

4

effect that she received income from Nordstrom that was not satisfactorily explained and was not reported.

DISCUSSION

*1. We may not second guess the trial court's credibility determinations.*

It is the main thrust of plaintiff's appeal that we should accept her evidence, rather than the evidence presented by the OCHA. This misconstrues our role. We must determine whether substantial evidence supports the decision of the trial court. Whether some witnesses were more believable than others is not for us to decide. (*People v. James* (1977) 19 Cal.3d 99, 107 ["'The power to judge credibility of witnesses, resolve conflicts in testimony, weigh evidence and draw factual inferences, is vested in the trial court'"]; see also *Young v. Horizon West, Inc.* (2013) 220 Cal.App.4th 1122, 1130, fn. 6.)

*2. The hearing officer did not commit legal error.*

Plaintiff cites the hearing officer's finding that "[s]ubmitting bank statements is not considered a reporting of those [Nordstrom] returns as it is those bank statements that caused OCHA to question your income in the first place." She cites from a HUD notice to the effect that bank statements are "examples of acceptable tenant-provided documentation." (Bold and capitalization omitted.) But the fact that bank statements may provide information does not address the issue. The issue was the return of merchandise to Nordstrom that had not been purchased there. This is what should have been reported and the bank statements do not give a clue as to where the income was derived from or even that the funds received from Nordstrom constituted income.

Assets are considered in the award of housing assistance. Plaintiff cites a part of the administrative plan reciting that "lump sum receipts are counted as assets only

5

if they are retained by a family in a form recognizable as a receipt." Income derived from profits in selling Nordstrom merchandise to the store do not qualify here.

She next contends the hearing officer erred because the Nordstrom items were received by her as gifts and 24 Code of Federal Regulations part 5.609(c)(9) states that "[t]emporary, nonrecurring or sporadic, income (including gifts)" is not considered income. But the hearing officer did not believe her testimony that these clothes were given to her as gifts from a friend. And we are not permitted to second-guess credibility determinations. "We may not reweigh the witness's credibility, and we must 'accept as true all evidence and all reasonable inferences from the evidence tending to establish the correctness of the trial court's findings and decision, resolving every conflict in favor of the judgment.'" (*Young v. Horizon West, Inc., supra,* 220 Cal.App.4th at p. 1130, fn. 6.)

DISPOSITION

The judgment is affirmed. The request for judicial notice is granted. Respondent shall recover its costs on appeal.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.


6